Per Curiam.

This action is debt on a bond by which the defendant bound himself not to settle or continue as a practitioner of medicine within fifteen miles of Preston after the 1st day of March next thereafter. The breach is, that defendant did settle and continue to practice medicine within the prescribed distance, after the specified time.
In the course of the pleadings, a demurrer was interposed, and it is now insisted that the bond which is set out in the declaration, does not furnish a cause of action.
The validity of such bonds is not now an open question. They have been sustained on the fullest consideration. Mitchell v. Reynolds, 1 P. Wms. 181; Chesman v. Nainby, 1 Bro. P. C. 234; Davis v. Mason, 5 Term R. 128. They must, however, be made on a sufficient consideration, and must, moreover, impose a restraint only as to a particular place, or within a defined limit.
The recital shows, that the plaintiff had purchased defendant’s house in Preston, and also one half of his medicine jars and bottles for $700, and the bond expresses to be given in consideration of the above purchase. This must be construed as *610 one entire transaction; and not as a bond given for a past consideration. The bond may have been a main inducement to the purchase, and the price was probably enhanced on account of the agreement. It is like the case of Mitchell v. Reynolds. The consideration, then, was sufficient.
The several pleas, replications, &c., are all defective. The defendant commenced by pleading performance generally. This he should not have done, because the covenant was negative, (Stephen’s Pleading, 367;) and because the plaintiff had assigned a breach in the declaration, and could not reply without repeating the declaration. The plaintiff, however, improperly replied by repeating the breach which had already been assigned.
The second plea of defendant was bad, because it avers, that defendant settled as a practitioner of medicine at a greater distance than fifteen miles, and has not been a practitioner of medicine within that distance by settling, &c. This is evasive, and does not answer the whole cause of action. The defendant bound himself not to practice medicine within fifteen miles of Preston; it is averred that he did do so. This must be directly answered. The plaintiff improperly replied to this plea, by reasserting that the defendant continued as a practitioner of medicine within fifteen miles. There is no answer to the plea, nor did it present an issue.
The defendant rejoined more at length, but repeats in substance and effect his second plea; the point was still evaded. To the second replication he also rejoined, by repeating the substance of his second plea, and concluded both rejoinders with a verification. Every step the parties took carried them further from an issue.
The plaintiff demurred to the rejoinders, which the court overruled, and the plaintiff refused to answer further. There was certainly abundant ground of demurrer on either side. It was, therefore, improperly overruled. As the cause must necessarily be remanded, an opportunity may be had in the court below to amend the pleadings.
Judgment reversed, and cause remanded.